## UNITED STATES, Appellee
### v.
## WILLIAM A. BRYANT, Private, First Class,
### U. S. Air Force, Appellant
### 2 USCMA 373, 9 CMR 3

### No. 1491
### Decided April 14, 1953

Col. Kenneth B. Chase, USAF, and Maj. William J. Keeler, USAF, for Appellant.

Col. Wendell C. Dreier, USAF, and Capt. Jerome Prokop, USAF, for Appellee.

### Opinion of the Court

George W. Latimer, Judge:

The accused was tried by general court-martial at Chanute Air Force Base, Illinois, upon two charges involving larceny of $228.90, belonging to the Army and Air Force Motion Picture Service, and absence without leave. He entered a plea of not guilty to the larceny charge but guilty to the lesser included offense of wrongful appropriation. He also pleaded guilty to unauthorized absence. The court-martial found him guilty of both offenses as charged and sentenced him to be dishonorably discharged from the service, to forfeit all pay and allowances, to be reduced to the grade of private and to be confined at hard labor for two years. The convening authority approved the findings and sentence but reduced the period of confinement to one year. The board of review in the office of The Judge Advocate General of the Air Force affirmed by a written opinion which gave careful consideration to the issue herein involved. This Court granted accused's petition for review, specifically limiting the scope thereof to a determination of whether the evidence required the law officer to instruct on the elements of the lesser included offense of wrongful appropriation.

Our decisions in United States v. Glover (No. 829), 7 CMR 40, and United States v. Estes (No. 773) 7 CMR 47, both decided February 6, 1953, are dispositive of the issue in this case. Here, as in those cases, the accused persisted in his plea of guilty to the lesser included offense of wrongful appropriation after the law officer had explained in detail the meaning and effect of such plea. In addition, the accused testified in his own behalf and admitted taking the money but stated that it was his intent to use it to make more money gambling and then return the sum the following day. Thus, again the sole issue presented to the members of the court-martial for their determination was the intent with which the money was taken.

The law officer gave complete instructions on the elements of larceny in which he emphasized the necessity for finding an intent permanently to deprive the true owner of the use and benefit of the property stolen. Also, he referred to the offense of wrongful appropriation in the following language:

"Now, with reference to that particular offense, the court may, by proper exceptions and substitutions, find the accused guilty of the lesser included offense of wrongful appropriation, the elements of which are stated in paragraph 200b, and start at the bottom of page 362 of Manual for Courts-Martial, 1951. Of course, the finding of the lesser included offense in that particular case would be made by excepting the word 'steal' and substituting therefor the words 'wrongfully appropriate', and finding the accused not guilty of the excepted words, but guilty of the substituted words, and guilty of the charge."

The Court was further advised that if there was reasonable doubt as to the degree of guilt the finding should be returned in the lesser degree. Finally, the arguments of counsel at the conclusion of the trial clearly pointed out the distinction in the types of intent involved in the two offenses.

The reasons stated in the Glover and Estes cases, supra, are controlling here. Moreover, the circumstances by which the lesser included offense was specifically called to the attention of the members of the court-martial present an additional factor in support of our affirmance of the decision of the board of review.

Chief Judge QUINN concurs.

BROSMAN, Judge (concurring in the result):

I concur in the result. For me this case is neither Glover nor Estes. So far as I am concerned, wrongful appropriation was not raised by the evidence, and required no instruction. The accused was Assistant Manager of the base theater at Chanute Air Force Base. He admits having appropriated to his own use funds belonging to the theater, although he stated that his intention was to gamble with the money taken, and—provided, of course, that he was successful in his dice enterprise—to make up the shortage from his winnings. Even assuming the accused's intent to have been exactly what he said it was, he is still, in my opinion, guilty of the offense of embezzlement—and, hence, of larceny under the Uniform Code. United States v. Aldridge (No. 686), 8 CMR 130, decided March 24, 1953.

Of course, I must dissociate myself from the last two paragraphs of the majority opinion. Had wrongful appropriation been raised, the presence of arguments of counsel indicating *their* understanding of the law of the case would have been quite beside the mark.

The final paragraph refers to the "circumstances by which the lesser included offense was specifically called to the attention of the members of the court-martial." I suppose that by this reference my brothers intend to point to the language of the law officer quoted just above in their opinion. Had the latter been under a duty to instruct on wrongful appropriation, what he said would not, to my mind, have constituted at all a performance of that duty. However, I do not believe he was under any such duty.